UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Manuel Seavaun Young, # 228856 (CCDC), *fka Manuel Seacaun Young, # Y-241942*, <br><br> Plaintiff, <br><br> vs. <br><br> Officer M. Burke; <br> Officer NFN Mulkey; <br> Officer NFN Cole; <br> Officer NFN Engles; <br> City of Charleston Police Department; <br> Attn Cassandra L. Winslow; <br> Attn Ann B. Walsh, <br><br> Defendants. | C/A No. 2:11-0837-MBS-BM <br><br><br> **Report and Recommendation** <br> **for** <br> ***Partial* Summary Dismissal** |

Plaintiff is a federal prisoner at the Charleston County Detention Center in Charleston, South Carolina. He has brought a civil rights action against four police officers, their employer (the City of Charleston Police Department), an Assistant Federal Public Defender, and an Assistant Public Defender in Charleston County.

The above-captioned case concerns alleged excessive force by the officers and Plaintiff's federal criminal convictions entered in *United States v. Manuel Young*, Criminal No. 2:09-CR-0465-PMD-1. A jury trial was held in that case before the Honorable Patrick Michael



Duffy, United States District Judge, on March 8, 2011. The jury found Plaintiff guilty on count 1 (possession with intent to distribute crack cocaine), not guilty on count 2 (use of a firearm during a drug trafficking crime), and guilty on count 3 (possession of firearm by convicted felon). *See* ECF No. 127 and ECF No. 128 in Criminal No. 2:09-CR-0465-PMD-1. Plaintiff is awaiting sentencing in Criminal No. 2:09-CR-00465-PMD-1.

In his prayer for relief, Plaintiff seeks $500,000 from each Public Defender, $700,000 from each police officer, and $2,200,000 from the City of Charleston Police Department.

## *Discussion*

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, the Prison Litigation Reform Act, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995)(*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Loe v. Armistead*, 582 F.2d 1291 (4th Cir. 1978); and *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). As Plaintiff is a *pro se* litigant, his pleadings are accorded liberal construction. *See Erickson v. Pardus*, 551 U.S. 89 (2007)(*per curiam*); *Hughes v. Rowe*, 449 U.S. 5, 9-10 & n. 7 (1980)(*per curiam*); *Cruz v. Beto*, 405 U.S. 319 (1972); *Fine v. City of New York*, 529 F.2d 70, 74 (2nd Cir. 1975). However, even when considered under this less stringent standard, certain claims and some of the Defendants named in the Complaint are subject to summary dismissal. A plaintiff must plead factual content that allows the court to draw the reasonable inference that a named defendant is plausibly liable, not merely possibly liable; *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009); and the



requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Department of Social Services*, 901 F.2d 387 (4th Cir. 1990).

First, since Plaintiff is, in part, complaining about matters that resulted in his two federal convictions, any claims relating to his federal criminal case, including claims concerning the alleged ineffectiveness of his trial counsel, are subject to summary dismissal because a right of action has not yet accrued. *See Heck v. Humphrey*, 512 U.S. 477 (1994):

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Heck v. Humphrey*, 512 U.S. at 486-87 (footnote omitted).

*Heck v. Humphrey* is applicable in civil suits against federal officials and entities. *See Stephenson v. Reno*, 28 F.3d 26 (5th Cir.1994); *Best v. Kelly*, 39 F.3d 328, 330 (D.C. Cir. 1994); *Williams v. Hill*, 878 F. Supp. 269, 272 (D.D.C. 1995) ("Because Plaintiff has not established that the validity of his conviction or sentence has been reversed on direct appeal, expunged by executive order, or impugned by the granting of a § 2255 motion or a writ of habeas corpus under § 2241, his



3

*Bivens* action challenging his conviction and sentence will be DISMISSED as frivolous under 28 U.S.C. § 1915(d)."), *affirmed*, 74 F.3d 1339 (D.C. Cir. 1996); and *Zolicoffer v. FBI*, 884 F. Supp. 173 (M.D. Pa. 1995). *See also Parris v. United States*, 45 F.3d 383 (10th Cir. 1995); and *Williams v. Hill*, 878 F. Supp. at 270-73 (*Heck v. Humphrey* applicable to civil "RICO" action filed by a federal prisoner against federal prosecutors and other officials). Therefore, Plaintiff's claims relating to his arrest and prosecution (other than his excessive force claim), including his claim for an alleged unlawful search and seizure, are subject to dismissal.

As for the named Defendants, the two Public Defenders are entitled to summary dismissal because they have not acted under color of state or federal law. In order to state a cause of action under 42 U.S.C. § 1983 or under the *Bivens*[1] doctrine, a plaintiff must allege that: *(1)* the defendant(s) deprived him or her of a federal right, and *(2)* did so under color of state or federal law. *See Gomez v. Toledo*, 446 U.S. 635, 640 (1980); and *American Mfr. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50-52 (1999). An attorney, whether retained, court-appointed, or a public defender, does not act under color of law, which is a jurisdictional prerequisite for any civil action brought under 42 U.S.C. § 1983 or under the *Bivens* doctrine. *See Deas v. Potts*, 547 F.2d 800 (4th Cir. 1976) (private attorney); *Hall v. Quillen*, 631 F.2d 1154, 1155-1156 & nn. 2-3 (4th Cir. 1980) (court-appointed attorney); *Polk County v. Dodson*, 454 U.S. 312, 317-324 & nn. 8-16 (1981) (public

---

[1] Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971). A Bivens claim is analogous to a claim under 42 U.S.C. § 1983. However, federal officials cannot be sued under 42 U.S.C. § 1983 because they do not act under color of *state* law. See Harlow, 457 U.S. at 820. Harlow and progeny indicate that case law involving § 1983 claims is applicable in Bivens actions and *vice versa*. Farmer v. Brennan, 511 U.S. 825 (1994). See also Mitchell v. Forsyth, 472 U.S. 511, 530 (1985); Turner v. Dammon, 848 F.2d 440, 443-444 (4th Cir. 1988); Osabutey v. Welch, 857 F.2d 220, 221-223 (4th Cir. 1988); and Tarantino v. Baker, 825 F.2d 772, 773-775 (4th Cir. 1987), cert. denied, North Carolina v. Tarantino, 489 U.S. 1010 (1989).



defender);[2] and *Georgia v. McCollum*, 505 U.S. 42, 53 (1992) (public defender). *Cf. Vermont v. Brillon*, 173 L.Ed.2d 231, 129 S.Ct. 1283, 1286 (2009) ("Unlike a prosecutor or the court, assigned counsel ordinarily is not considered a state actor."). Therefore, the Defendants Winslow and Walsh are entitled to dismissal as party Defendants.

As for the Defendant City of Charleston Police Department, this Defendant is only mentioned in relation to the testimony of an employee of the Department during Plaintiff's prosecution. No claim is made of improper actions by the Police Department itself and the Department. cannot be held liable for actions of the testifying witness because the doctrine of *respondeat superior* is not applicable in § 1983 actions. *Vinnedge v. Gibbs*, 550 F.2d 926, 928-29 (4th Cir. 1977). Moreover, Plaintiff has not alleged any police department or city policy was at issue during the relevant times in this case. *See Los Angeles County v. Humphries*, 178 L.Ed.2d 460, 131 S.Ct. 447 (2010); and *Monell v. New York City Dept. of Social Servs.*, 436 U.S. 658, 694 (1978). Finally, any claim involving this testimony would also be barred by Heck v. Humphrey. Hence, liability may not be imposed upon the City of Charleston Police Department, and this Defendant is entitled to dismissal.

Plaintiff's claims of excessive force are not subject to summary dismissal. *Wilkins v. Gaddy*, 175 L.Ed.2d 995, 130 S.Ct. 1175 (2010) (superannuating older Fourth Circuit case law on *de minimis* injuries in excessive force cases). Hence, in a separately-filed order, the undersigned

---

[2]The General Assembly of the State of South Carolina has replaced the county-based public defender system with a Circuit-based system. *See* the Indigent Defense Act, 2007 S.C. Acts 108 (effective after the General Assembly's override of the Governor's veto on June 21, 2007), which establishes a "Circuit Defender" system and is now codified at S.C. Code Ann. § 17-3-510, *et seq.* (Westlaw 2011).



is authorizing service of process upon Officer M. Burke, Officer NFN Mulkey, Officer NFN Cole, and Officer NFN Engles.

### *Recommendation*

Accordingly, it is recommended that the Court dismiss **the City of Charleston Police Department, Defendant Cassandra L. Winslow, and Defendant Ann B. Walsh,** as well as all claims asserted in the Complaint except Plaintiff's claim alleging excessive use of force during his arrest**,** from the above-captioned case *without prejudice* and without issuance and service of process.

Plaintiff's attention is directed to the important Notice on the next page.

_____
Bristow Marchant
United States Magistrate Judge

April 28, 2011
Charleston, South Carolina



**Notice of Right to File Objections to Report and Recommendation**

Plaintiff is advised that he may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk of Court
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

